1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10  FRANK NGUYEN, CHEERIE T.          )
    MAGALIT,                          )    2:11-cv-01070-GEB-KJN
11                                    )
                    Plaintiffs,       )
12                                    )    **OFFICIAL JUDICIAL CAPACITY**
               v.                     )    **COMPLAINT REQUESTING**
13                                    )    **INVESTIGATION RE: WHETHER**
    HOME 123 CORPORATION; DEUTSCHE    )    **ATTORNEY PETER JASON**
14  BANK NATIONAL TRUST COMPANY AS    )    **CABBINESS (CALIFORNIA BAR NO.**
    TRUSTEE UNDER POOLING AND         )    **185376) VIOLATED CALIFORNIA**
15  SERVICING AGREEMENT DATED AS OF   )    **RULES OF COURT 9.20(a)(1)**
    APRIL 1, 2006 MORGAN STANLEY ABS  )    **AND/OR (4), AND/OR ABANDONED**
16  CAPITAL 1, INC. TRUST 2006-NC3    )    **HIS CLIENTS IN THIS CASE;** AND
    MORTGAGE PASS-THROUGH             )    ORDER DISMISSING CASE FOR
17  CERTIFICATES, SERIES 2006 NC3;    )    FAILURE TO PROSECUTE
    HOMEQ; T.D. SERVICES COMPANY;     )
18  and DOES 1 through 100            )
    inclusive,                        )
19                                    )
                    Defendants.       )
20  _____  )

21          On June 14, 2011, counsel for Defendants that have filed a

22  pending dismissal motion informed my deputy clerk via telephone that

23  Plaintiffs' listed counsel of record, **Peter Jason Cabbiness (California**

24  **Bar License No. 185376),** is not eligible to practice law in California

25  since his license is suspended. My deputy clerk informed me of the

26  suspension on June 14, 2011, and on the same day I called and spoke to

27  a representative of the California State Bar for the purpose of

28

1

confirming the suspension, the duration thereof, and whether Mr. Cabbiness was obligated to inform the court about his suspension.

The California State Bar representative informed me that Mr. Cabbiness was suspended from the practice of law on January 9, 2011, and could be eligible to have his suspension lifted on July 9, 2011. The representative of the California State Bar also informed me that California Rule of Court 9.20(a) requires suspended attorneys to give the following notifications:

> Notify all clients being represented in pending matters and any co-counsel of [the attorney's] . . . suspension . . . and his or her consequent disqualification to act as an attorney after the effective date of the . . . suspension . . . and, in the absence of co-counsel, also notify the clients to seek legal advice elsewhere, calling attention to any urgency in seeking the substitution of another attorney or attorneys[.]
>
> . . . .
>
> Notify opposing counsel in pending litigation . . . of [a] . . . suspension . . . and consequent disqualification to act as an attorney after the effective date of the . . . suspension[,] . . . **and file a copy of the notice with the court . . . before which the litigation is pending for inclusion in the respective file or files.**

CAL. RULES OF COURT 9.20(a)(1),(4) (emphasis added).

Following receipt of this notice information from the California State Bar, I looked at the federal docket sheet for this case to determine on whom documents have been served and saw that a deputy clerk in the clerk's office made the following docket entry on April 21, 2011, concerning Mr. Cabbiness's suspension:

> The electronic notifications of the filings in this case are undeliverable to Peter Cabbiness, counsel for plaintiffs. Therefore, the Clerk's Office looked at the website for the California State Bar and saw that Mr. Cabbiness is not eligible to practice law because of disciplinary action with actual suspension commencing on 1/9/2011.

1  (ECF No. 7.)

2  When reviewing the docket sheets, I also saw this case was

3  removed from the California Superior Court in the County of San Joaquin

4  ("state court"), and attempted to determine if the federal and/or state

5  court docket sheets contained the notice required by California Rule of

6  Court 9.20(a)(4). A portion of the state court docket sheet is attached

7  to the Removal Petition (and also attached to this Order under the cover

8  sheet marked "State Court Docket Sheet Attached to Removal Petition").

9  I also examined the state court's electronic docket on its website (the

10  portion of the state court electronic docket examined is attached to

11  this Order under the cover sheet marked "Information on State Court

12  Website Independently Reviewed by this Federal Court"). The federal

13  court docket sheet also is attached to this Order (it is located under

14  the cover sheet marked "Federal Court Docket Sheet"). Nothing I saw in

15  the federal or state court docket sheets indicates that Mr. Cabbiness

16  has notified either court of his suspended status.

17  Additionally, there is no indication in the federal or state

18  court docket sheets that Mr. Cabbiness filed a substitution of counsel

19  document in connection with his suspension, or that Plaintiffs retained

20  new counsel, or that Plaintiffs are proceeding in propria persona. Under

21  these circumstances, it is apparent that Plaintiffs have been proceeding

22  in this case in propria persona even though the docket sheets do not

23  indicate that Mr. Cabbiness has filed a request to withdraw as counsel

24  of record for Plaintiffs.

25  Local Rule 182(d) of this federal court concerns formal

26  withdrawal motions of counsel when the withdrawal could leave a client

27  in propria persona, and prescribes:

28  [A]n attorney who has appeared may not withdraw
leaving the client in propria persona without leave

> of court upon noticed motion and notice to the
> client and all other parties who have appeared. The
> attorney shall provide an affidavit stating the
> current or last known address or addresses of the
> client and the efforts made to notify the client of
> the motion to withdraw.

E.D. Cal. R. 182(d); <u>see also</u> CAL. RULES OF PROF'L CONDUCT 3-700(B)(2) ("A member representing a client before a tribunal **shall withdraw from employment with the permission of the tribunal, if required by its rules**, . . . if: . . . [t]he member knows or should know that continued employment will result in violation of these rules or of the State Bar Act[.]") (emphasis added); CAL. BUS. & PROF. CODE § 6125 (State Bar Act provision prescribing: "No person shall practice law in California unless the person is an active member of the State Bar").[1]

Further, Local Rule 183(b) of this federal court requires "[a] party appearing <u>in</u> <u>propria</u> <u>persona</u> [to] keep the Court and opposing parties advised as to his or her current address." E.D. Cal. R. 183(b). This rule further prescribes:

> If mail directed to a plaintiff <u>in</u> <u>propria</u> <u>persona</u> by the Clerk is returned by the U.S. Postal Service, **and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.**

<u>Id.</u> (emphasis added).

---

[1] It is unclear whether the California Rules of Court or Rules of Professional Conduct require an attorney to formally file a motion for an order authorizing withdrawal as counsel of record when the attorney is suspended from the practice of law. However, this is a clear requirement in Oklahoma's "Rules Governing Disciplinary Proceedings" in which the following is prescribed: "When the action of the [Oklahoma] Supreme Court [suspending an attorney from practicing law] becomes final, a lawyer who is . . . suspended . . . . shall . . . file a formal withdrawal as counsel in all cases pending in any tribunal." OKLA. STAT. tit. 5, ch. 1, app. 1-A, Rule 9.1.

Local Rules 182(d) and 183(b) are intended, in part, to ensure that client contact information is known by the court so that the court and a party can communicate with a person litigating in propria persona. Nothing in the attached docket sheets indicates that Mr. Cabbiness or Plaintiffs have ever provided such contact information in this case; therefore, the court is unaware of each Plaintiff's whereabouts.

Since Plaintiffs were proceeding in this case in propria persona on April 21, 2011, when the clerk's office deputy clerk discovered that electronic notifications sent to Mr. Cabbiness were undeliverable, and because Plaintiffs failed to advise the federal court of their current address "within sixty-three (63) days thereafter," as required by Local Rule 183(b), this action is dismissed without prejudice under the rationale of Local Rule 183(b), which prescribes that "**the Court may dismiss [an] action without prejudice for failure to prosecute**" if the court has not been provided with contact information for a party proceeding in propria person within 63 days after a court's filed communication to the party is returned to the court. E.D. Cal. R. 183(b) (emphasis added).

Lastly, since this Order contains a complaint requesting the California State Bar to investigate Mr. Cabbiness, the Clerk of the federal court shall mail a copy of this Order to:

> Office of the Chief Trial Counsel/Intake
> The State Bar of California
> 1149 South Hill Street
> Los Angeles, California 90015-2299

Specifically, I request the California State Bar to investigate whether Mr. Cabbiness abandoned Plaintiffs in this case by failing to notify either of them of his suspension, and by failing to file contact

information for either of them with this federal court or the state court.

Dated:   June 24, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge